Ruffin, C. J.
 

 In this case, the Attorney General has informed the Court, that he has looked into the record and is of opinion that he ought not to ask that the judgment should be affirmed, but that it was his duty to consent that there should be a
 
 venire de novo.
 
 The Court was at some loss, at first, as to the proper steps to be taken under those circumstances. But we find from what Lord Mansfield said in
 
 Wilkes' case,
 
 4 Bur. 2527, that it is the course in the King’s Bench and the house of Lords, when the Attorney General makes known, that “ he does not oppose” a reversal of a judgment on a writ of error, in a case of felony, that the Courts reverse the judgment upon grounds that could not prevail if opposed, because insufficient in law, and, indeed-, as a matter of
 
 *142
 
 course. That is done by adopting, as the form of reversal, that it is for the errors assigned “
 
 and other errors appearing in the record,”
 
 without specifying any, and therefore, without establishing any legal precedent. We suppose that our duty is much the same. For, as the judgment of the Superior Court is superseded by the appeal, so that no further proceedings can be had on the indictment, until this Court shall have remitted the cause, the whole matter must necessarily be under the control of the Attorney General here, whether he will bring on the cause, or prosecute further; and as he might thus discharge the prisoner, he may by consent, allow the lesser benefit of a second trial. The Court, therefore, does not look into the record at all with the view of forming any judgment of its own, whether there be an error or not U but will direct the judgment to be reversed, forasmuch as the Attorney General, who appears on behalf of the State, admits to the Court, that for the matters mentioned in the prisoner’s exception, and for other causes appearing in the record, the judgment was erroneous and ought to be reversed, and a
 
 venire de novo
 
 awarded.
 

 Per Curiam. Judgment reversed and a
 
 venire de novo
 
 awarded. ■.